UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2005 MAY 12 PM 2:24

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. **05-1845** |
| Plaintiff, | JUDGE |
| v. | MAG. JUDGE **SECT. C MAG. 4** |
| JESOHN, INC. D/B/A/ COFFEE &, | COMPLAINT |
| Defendant. | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Stacy Stein ("Ms. Stacy Stein"), and a class of similarly- situated pregnant females who were adversely affected by such practices by the Defendant herein. Specifically, the United States Equal Employment Opportunity Commission (hereinafter referred to as "the Commission") alleges that the Defendant, Jesohn, Inc., d/b/a Coffee& (herein after referred to as "Defendant Employer") discharged Ms. Stein and other similarly-situated females, when the Defendant Employer learned that the women were pregnant. In addition, the Commission alleges that the Defendant has a written policy which discriminates against females as a class in that all pregnant females are forced to take a leave of absence as soon as the Defendant becomes aware of their pregnancy, regardless of their ability to perform their duties.

Fee ___USA___
___ Process _____
X  Dktd _____
✓  CtRmDep _____
___ Doc. No. _____

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).  The unlawful actions which are the subject of the instant lawsuit occurred within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3.

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.

At all relevant times, the Defendant, Jesohn, Inc. d/b/a Coffee &, (the "Defendant Employer"), has continuously been doing business in the State of Louisiana and the City of Harvey, and has continuously had at least fifteen (15) employees.

5.

At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.

More than thirty (30) days prior to the institution of this lawsuit, Stacy Stein filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.

On or about December 9, 2003, Defendant Employer engaged in unlawful employment practices at its Harvey, Louisiana location, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a). The unlawful practices involved subjecting Stacy Stein and a class of similarly-situated females to discrimination due to pregnancy. Specifically, Ms. Stein was discharged, after approximately six (6) days of satisfactory employment, when Defendant learned that Ms. Stein was pregnant. Ms. Stein was

informed that she "was an insurance risk," and was discharged without discussion concerning her ability to perform her duties. In addition at least two other pregnant employees were also forced to take leave pursuant to the Defendant Employer's policy. Moreover, Defendant Employer's employee handbook includes a written version of this policy and states that "due to insurance issues" a pregnant employee must take a leave of absence when she learns that she is pregnant. As a result, the Defendant Employer's policy discriminates against all pregnant females when they are forced to take a leave of absence as soon as the Defendant Employer becomes aware of their pregnancy regardless of their ability to perform their duties.

8.

The effect of the practices complained of in paragraph 7 above has been to deprive Ms. Stein and a class of similarly-situated females of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex, female.

9.

The unlawful employment practices complained of in paragraph 7 above were intentional.

10.

The unlawful employment practices complained of in paragraphs 7 above were done with malice or with reckless indifference to the federally protected rights of Stacy Stein and a class of similarly-situated females.

## PRAYER FOR RELIEF

***WHEREFORE***, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, Jesohn, Inc., d/b/a Coffee &, its officers, successors, assigns, and all persons in active concert or participation with it, from forcing pregnant employees to take a leave of absence as soon as the Defendant Employer becomes aware of their pregnancy, regardless of their ability to perform their duties, and any other employment practice which discriminates on the basis of sex;

B. Order Defendant Employer to amend and/or institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to an effective pregnancy or maternity leave policy which does not force pregnant females to resign regardless of their ability to do their job;

C. Order Defendant Employer to make whole Ms. Stein and the class of similarly-situated females, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to: reinstatement or front pay.

D. Order Defendant Employer to make whole Ms. Stein, and the class of similarly-situated females, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to: emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation;

E. Order Defendant Employer to pay Ms. Stein, and the class of similarly-situated females, punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest;

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury trial on all questions of fact raised by its complaint.

**ERIC DREIBAND**
General Counsel
No Bar Roll Number Assigned

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

*[signature: Keith T. Hill]*
KEITH T. HILL
Regional Attorney
E.D. Bar Roll No. 15200000

*[signature: Michelle J. Butler]*
MICHELLE T. BUTLER
Supervisory Trial Attorney
La. Bar Roll No. 1286

*[signature: Erania Ebron]*
ERANIA EBRON
Senior Trial Attorney
No Bar Roll Number Assigned

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, LA 70113-9936
Tel:   (504) 589-3844 (Hill)
       (504) 589-6942 (Butler)
Fax:   (504) 589-2805

**COUNSEL FOR PLAINTIFF,
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**Counsel for the Defendant:**

Michael S. Weinberg, Esq.
Attorney at Law
P.O. Box 713
14108 River Road
Destrehan, LA 70047

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States Equal Employment Opportunity Commission
701 Loyola Avenue, Suite 600
New Orleans, LA 70113-9936

### DEFENDANTS
Jesohn, Inc. d/b/a Coffee &, Inc.
2050 Westbank Expressway
Marrerro, LA 70072

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Erania Ebron
EEOC
701 Loyola Avenue, Suite 600 New Orleans, LA 70113 (504) 589-3539

Attorneys (If Known)
Michael S. Weinberg, Esq.
P.O. Box 713, 14108 River Road
Destrehan, LA 70047 (985) 764-8709

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

X 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | 12 USC 3410 |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | X 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 5/12/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____